**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Sonia R. Lin (SL 4130)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005

**URBAN JUSTICE CENTER
SEX WORKERS PROJECT**
Gratienne Baskin (*pro hac vice motion
forthcoming*)
123 Williams Street, 16th Floor
New York, New York 10038
Telephone:  (646) 602-5600
Facsimile:  (212) 533-4598



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE LIWANAG, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  -against-<br><br>THE EXECUTIVE CLUB LLC d/b/a THE PENTHOUSE EXECUTIVE CLUB; ROBERT GANS; and MARK YACKOW,<br><br>    Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff Leslie Liwanag ("Liwanag") alleges on behalf of herself and on behalf of all others similarly situated:

## NATURE OF THE ACTION

1. This case is about the workplace rights of entertainers (dancers) at the Penthouse Executive Club, an upscale adult night club located at 603 West 45th Street, New York, New York.

2. Entertainers in New York City, including Plaintiff and her former co-workers, work in an "unorganized" industry where many workers are "disenfranchised" by the wide disparities in bargaining power between workers and club owners. *See* Holly Wilmet, *Naked Feminism: The Unionization of the Adult Entertainment Industry*, 7 Am. U. J. Gender Soc. Pol'y & L. 465, 466 (1999). *See also* Margot Rutman, *Symposium: Exotic Dancers' Employment Law*

1

*Regulations*, 8 Temp. Pol. & Civ. Rts. L. Rev. 515, 527-28 (Spring 1999); Carrie Benson

Fischer, *Employee Rights in Sex Work: The Struggle for Dancers' Rights as Employees*, 14 L. &

Ineq. J. 521 (June 1996).

3.      Accordingly, clubs such as the Penthouse Executive Club are well-positioned to take

advantage of entertainers and deny them basic workplace rights.

4.      Over the years, entertainers at adult clubs like the Penthouse Executive Club have

made some strides by winning recognition as employees and otherwise protecting their

workplace rights, including in cases prosecuted by the United States Department of Labor. *See,*

*e.g.*, *Reich v. Circle C Invs.*, 998 F.2d 324, 326-29 (5th Cir. 1993) (upholding trial court's

determination that adult club dancers are employees within the meaning of the Fair Labor

Standards Act); *Diaz v. Scores Holding Co.*, No. 07 Civ. 8718, 2008 U.S. Dist. LEXIS 38248, at

*6 (S.D.N.Y. May 9, 2008) (conditionally certifying Fair Labor Standards Act collective of

entertainers and other workers at New York City adult night club and authorizing notice to

putative members of the collective); *Whiting v. W & R Corp.*, No. 2:03-0509, 2005 U.S. Dist.

LEXIS 34008, at *6-9 (S.D. W. Va. Apr. 18, 2005) (denying defendant's motion for summary

judgment in wage and hour case brought by dancer at exotic dance club); *Harrell v. Diamond A*

*Entm't, Inc.*, 992 F. Supp. 1343, 1347–54 (M.D. Fla. 1997) (holding that dancer at adult night

club was employee for purposes of the Fair Labor Standards Act); *Reich v. Priba Corp.*, 890 F.

Supp. 586, 594 (N.D. Tex. 1995) (after bench trial, finding dancers at adult night club were

employees for purposes of the Fair Labor Standards Act in case brought by the Department of

Labor); *Donovan v. Tavern Talent & Placements, Inc.*, Civ. No. 84-F-401, 1986 U.S. Dist.

LEXIS 30955, at *6–7 (D. Colo. Jan. 8, 1986) (holding that night club operators employed

dancers and violated their rights as tipped employees); *Chaves v. King Arthur's Lounge, Inc.*, No.

07-2505, 2009 Mass. Super. LEXIS 298, at *19-20 (Mass. Super. Ct. July 30, 2009) (holding defendant bar/lounge misclassified exotic dancers as independent contractors under Massachusetts law); *Smith v. Tyad, Inc.*, 209 P.3d 228, 231-34 (Mont. 2009) (upholding state wage enforcement agency's finding that exotic dancers are employees and upholding agency's authority to deem deduction of "stage fees" unlawful requiring reimbursement).

5.      Nevertheless, the adult entertainment industry in New York City and elsewhere remains largely out of compliance with basic worker protection statutes.

6.      The Penthouse Executive Club, a leader in the industry, is no exception.  It regularly deprives entertainers of their rights under federal and New York State wage and hour laws, including their right to be paid proper minimum wages, their right to be paid proper overtime compensation, their right to keep customer gratuities they earn, their right to be reimbursed for uniform expenses, and their right to work without paying "house fees."

7.      This lawsuit seeks to force the Penthouse Executive Club to pay its entertainers all of the wages they have earned, and to allow them to keep all of the tips they earn, as federal and state law require.

8.      The Penthouse Executive Club is owned and operated by The Executive Club LLC d/b/a the Penthouse Executive Club ("The Executive Club LLC"), Robert Gans ("Gans"), and Mark Yackow ("Yackow") (collectively, "Penthouse Club" and "Defendants").

9.      On its website, the Penthouse Club promises customers "the highest level of customer service, in an environment offering sophistication, class, and pleasurable diversions" and boasts that it employs the "most splendid Entertainers from around the world."  The Penthouse Club, however, appears not to appreciate the workers who allow it to make such boasts.

10.     The Penthouse Club fails to pay entertainers the statutory minimum hourly wage and

3

fails to pay them at a proper overtime rate for all hours they work in excess of 40 hours per week.

11.     The Penthouse Club collects an unlawful house fee from entertainers for each shift that they work.

12.     The Penthouse Club confiscates part of the tips earned by entertainers.

13.     The Penthouse Club encourages customers to tip entertainers using funny money called "Executive Money," which customers purchase from the club, instead of cash.  The Penthouse Club charges customers who purchase Executive Money a 20% "service charge."

14.     The 20% service charge is not distributed to entertainers or other workers who provide customer service; it is retained by the Penthouse Club.

15.     When an entertainer receives a tip from a customer in Executive Money, the Penthouse Club deducts and retains a portion of the tip when the entertainer exchanges the Executive Money for cash.

16.     As a result, customers who believe they are tipping entertainers a certain amount are actually tipping them less.

17.     The Penthouse Club also requires entertainers to share their tips with workers who do not provide customer service.

18.     The Penthouse Club requires entertainers to purchase their uniforms from the "House Mom," and does not reimburse them for the cost of the uniforms or for their maintenance and upkeep.

19.     Plaintiff Liwanag brings this action on behalf of herself and similarly situated current and former employees of Penthouse who elect to opt-into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and, specifically, its collective action

provision, 29 U.S.C. § 216(b).

20.   Plaintiff also brings this action on behalf of herself and all similarly situated current and former employees of the Penthouse Club, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiff Leslie Liwanag

21.   Liwanag is an adult individual who is a resident of New York, New York.

22.   Liwanag was employed by Penthouse as an entertainer from approximately July 2005 to January 2009.

23.   Liwanag has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

24.   Liwanag is a covered employee within the meaning of the FLSA and the NYLL.

### Defendants

25.   Defendants The Executive Club LLC, Gans, and Yackow jointly employed Plaintiff and similarly situated employees at all relevant times.

### *The Executive Club LLC*

26.   The Executive Club LLC is a New York corporation located at 617 Eleventh Avenue, New York, New York 10036.

27.   The Executive Club LLC does business as the Penthouse Executive Club.

28.   The Executive Club LLC is also known as The Executive Club Inc.

29.   The Executive Club LLC is a covered employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed and/or jointly employed Plaintiff and similarly

5

situated employees.

30.     Upon information and belief, at all relevant times, The Executive Club LLC's annual gross volume of sales made or business done was not less than $500,000.

31.     Upon information and belief, during all relevant times, The Executive Club LLC has exercised operational control over the management of the Penthouse Club, including but not limited to control over: compensation of workers; food, drink and entertainment quality; customer payment methods; recruiting and training of workers; recruiting and training of managers; architectural and interior design; sound, light and video design; sales and marketing programs; public relations programs; promotional services; advertising campaigns; hospitality training; appearance and conduct standards for workers; and inventory controls.

*Robert Gans*

32.     Upon information and belief, Gans resides in New York, New York.

33.     Gans employed and/or jointly employed Plaintiff and similarly situated employees during relevant times.

34.     Gans is an owner of The Executive Club LLC.

35.     During relevant times, Gans operated and managed the Penthouse Club, including handling day to day operations.

36.     During relevant times, Gans controlled hiring and firing at the Penthouse Club.

37.     During relevant times, Gans determined the hours of operation for the Penthouse Club.

38.     Upon information and belief, during relevant times, Gans had the power to change compensation practices at the Penthouse Club.

39.     Upon information and belief, during relevant times, Gans had the power to determine

6

employee policies at the Penthouse Club, including, but not limited to, employee schedules, time-keeping and payroll policies, policies governing the allocation of tips and/or gratuities, and the policies set forth in the employee guidelines that applied to employees at the Penthouse Club.

*Mark Yackow*

40.     Upon information and belief, Yackow resides in New York, New York.

41.     Yackow employed and/or jointly employed Plaintiff and similarly situated employees during relevant times.

42.     Yackow is an officer of The Executive Club LLC.

43.     During relevant times, Yackow operated and managed the Penthouse Club, including handling day to day operations.

44.     Upon information and belief, during relevant times, Yackow signed the paychecks of the Penthouse Club's employees, including Plaintiff and similarly situated employees.

45.     During relevant times, Yackow determined the hours of operation for the Penthouse Club.

46.     During relevant times, Yackow controlled hiring and firing at the Penthouse Club.

47.     Upon information and belief, during relevant times, Yackow had the power to change compensation practices at the Penthouse Club.

48.     Upon information and belief, during relevant times, Yackow had the power to determine employee policies at the Penthouse Club, including, but not limited to, employee schedules, time-keeping and payroll policies, policies governing the allocation of tips and/or gratuities, and the policies set forth in the employee guidelines that applied to employees at the Penthouse Club.

7

## JURISDICTION AND VENUE

49.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

50.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

51.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

52.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

53.     The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

54.     At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

55.     Plaintiff's claims involve matters of national or interstate interest.

56.     Citizenship of the members of the proposed class and/or collective is dispersed among a substantial number of states.

57.     There are 100 or more members in the proposed class.

58.     Upon information and belief, at least one Defendant resides in New York.

59.     Upon information and belief, at least one Defendant is subject to personal jurisdiction in New York.

## CLASS ACTION ALLEGATIONS

60.     Plaintiff brings the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

all entertainers / dancers who worked at the Penthouse Executive
Club between February 11, 2004 and the date of final judgment in
this matter

(the "Rule 23 Class").

61.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives,

officers, directors, assigns, and successors, or any individual who has, or who at any time during

the class period has had, a controlling interest in the Penthouse Executive Club; the Judge(s) to

whom this case is assigned and any member of the Judges' immediate family; and all persons

who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

62.     The employees in the Rule 23 Class are so numerous that joinder of all members is

impracticable.

63.     Upon information and belief, the size of the Rule 23 Class is at least 100 people,

although the precise number of such employees is unknown, and facts on which that number can

be calculated are presently within the sole control of Defendants.

64.     Defendants have acted or have refused to act on grounds generally applicable to the

Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory

relief with respect to the Rule 23 Class as a whole.

65.     Common questions of law and fact exist as to the Rule 23 Class that predominate

over any questions only affecting them individually and include, but are not limited to, the

following:

  (a) whether Defendants violated NYLL Article 6, §§ 190 *et seq.*, and Article 19, §§ 650
      *et seq.*, and the supporting New York State Department of Labor regulations, N.Y.
      Comp. Codes R. & Regs. ("NYCRR"), Title 12, Parts 137, as alleged herein;

  (b) whether it was Defendants' policy or practice to misappropriate tips from Plaintiff
      and the Rule 23 Class;

  (c) whether it was Defendants' policy or practice to make unlawful deductions from the

9

wages of Plaintiff and the Rule 23 Class;

(d) whether it was Defendants' policy or practice to fail to provide Plaintiff and the Rule 23 Class spread-of-hours compensation as required by the NYLL;

(e) whether it was Defendants' policy or practice to fail to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL;

(f) whether it was Defendants' policy or practice to fail to comply with the posting and notice requirements of the NYLL;

(g) whether it was Defendants' policy or practice to fail to furnish Plaintiff and the Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL; and

(h) the nature and extent of class-wide injury and the measure of damages for those injuries.

66.     The claims of Plaintiff are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiff and all the Rule 23 Class Members work or have worked for Defendants and were subject to the same policy or practices.  Plaintiff and the Rule 23 Class Members enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid minimum and overtime wages, and to keep the tips they earn.  Plaintiff and Rule 23 Class Members all have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiff and the Rule 23 Class Members all have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns.

67.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class Members.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the Plaintiff and the Rule 23 Class Members.

68.     A class action is superior to other available methods for the fair and efficient

adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

69.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

70.     Plaintiff brings the Seventh, Eighth, Ninth, and Tenth Causes of Action, FLSA claims, on behalf of herself and all similarly situated persons who have worked at the Penthouse Executive Club in New York as entertainers / dancers and who elect to opt-in to this action (the "FLSA Collective").

71.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff. Upon information and belief, there are many similarly situated current and former employees of the Penthouse Club who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §216(b).

72.     Throughout the relevant time period, Defendants have applied the same policies regarding Executive Money, uniform expenses, overtime compensation, minimum wages,

deductions from wages, misappropriated tips, and other timekeeping and compensation policies to Plaintiff and her co-workers at Penthouse.

## CLASS-WIDE FACTUAL ALLEGATIONS

73.     Plaintiff and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of a common policy and plan perpetrated by Defendants that have violated their rights under the FLSA and the NYLL by denying them a minimum wage, proper overtime compensation, and tips they earned.

74.     At all times, Defendants' unlawful conduct, policies, and patterns or practices described in this complaint have been willful.

**Wage and Hour Violations**

75.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL as described in this Class Action Complaint. This pattern, practice, and/or policy includes, but is not limited to the following:

a.     making deductions from Plaintiff's and Class Members' wages including but not limited to requiring them to pay House Fees and retaining portions of tips earned by Plaintiff and Class Members;

b.     refusing to exchange Executive Money that customers used to tip Plaintiff and the Class Members for cash;

c.     failing to keep accurate and adequate records of tips and wages paid to Plaintiff and Class Members, deductions taken from their tips and wages, allowances or other credits taken by Defendants, and hours worked by Plaintiff and Class Members as required by the FLSA and the NYLL;

     d.     failing to comply with the posting and/or notice requirements of the FLSA and the NYLL;

     e.     failing to pay Plaintiff and Class Members at least the applicable minimum hourly wage rate free and clear under the FLSA and the NYLL for all hours worked;

     f.     failing to reimburse Plaintiff and Class Members for their uniform expenses, including the cost of laundering and maintaining their uniforms;

     g.     failing to pay Plaintiff and the Class Members the NYLL statutory rate for laundering and maintenance of their uniforms;

     h.     failing to pay Plaintiff and Class Members proper overtime compensation for the hours they worked in excess of 40 hours in a workweek;

     i.     failing to pay Plaintiff and Class Members spread-of hours pay for shifts worked of 10 hours or more;

     j.     unlawfully demanding, retaining, and receiving portions of the tips that Plaintiff and Class Members earned;

     k.     demanding, accepting, and/or retaining service charges paid by customers that Defendants represented and/or allowed customers to believe were gratuities for Plaintiff and Class Members, and which, upon information and belief, customers reasonably believed to be gratuities for Plaintiff and Class Members;

     l.     requiring Plaintiff and the Class Members to share their tips with management, agents of management, and/or other employees who are not busboys or similar employees, and/or who are not in customarily tipped positions, and/or who have no, or virtually no, customer service duties.

13

76.     Upon information and belief, Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees' compensation by knowingly violating the FLSA and NYLL.

77.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

78.     Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Class Members.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the law with respect to the compensation of Plaintiff and the Class Members.

79.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

80.     Defendants' deceptive conduct prevented Plaintiff and the Class Members from discovering or asserting their claims any earlier than they did including but not limited to taking steps to lead Plaintiff and Class Members to believe that they were independent contractors and not employees.

## Supervision and Control of Plaintiffs and Class Members

81.     Defendants have the power to hire and fire Plaintiff and the Class Members.

82.     Defendants supervised and controlled Plaintiff and the Class Members' schedules and conditions of work.

83.     Defendants implemented rules that governed Plaintiff's and Class Members' working conditions.

84.     Among other things, Defendants required Plaintiff and the Class Members to:

14

     a.   work on certain days of the weeks and at certain times according to a schedule set by the Penthouse Club entertainment coordinator;

     b.   make up missed shifts within a certain time period;

     c.   sign in upon arrival and check out upon departure;

     d.   attend staff meetings;

     e.   purchase work uniforms from the club;

     f.   wear full-length gowns on certain days of the week, certain types of underwear, and heels at least 3 inches high;

     g.   remain dressed in their uniforms until the end of their shift;

     h.   dance on stage for at least three songs according to a set routine and remain on stage until the next entertainer arrives or they are excused by the DJ;

     i.   share tips with other employees; and

     j.   pay House Fees.

85.    Among other things, Defendants prohibited Plaintiff and Class Members from:

     a.   changing into street clothes before the end of their shift;

     b.   wearing platform shoes with platforms in excess of 1.5 inches in height and/or certain kinds of underwear;

     c.   chewing gum while at work;

     d.   smoking while at work;

     e.   carrying drinks while walking through the club;

     f.   leaving the stage before the next entertainer arrived or without permission of the DJ;

     g.   using profane language with a customer;

     h.   discussing the terms of their compensation or payment with customers;

     i.   discussing the club's operating procedures with customers; and

j.   describing the backstage areas, dressing rooms and other off-limits areas in the club to customers.

86.   Defendants required Plaintiff and the Class Members to sign and return copies of rules and guidelines.

87.   Defendants prohibited Plaintiff and the Class Members from working at competing clubs during the same period as they worked for Defendants.

88.   Defendants determined the rate and method of payment of Plaintiff and the Class Members, including but not limited to the percentage of tips that Penthouse would retain and the fact that the Plaintiffs and the Class Members would not receive any minimum wages.

89.   Defendants maintained employment records for Plaintiff and the Class Members.

## PLAINTIFF'S FACTUAL ALLEGATIONS

90.   Consistent with its policies and patterns or practices as described herein, Defendants harmed Plaintiff individually as follows:

91.   Defendants did not pay Plaintiff the proper minimum wage for time that she was suffered or permitted to work each workweek.

92.   Defendants unlawfully demanded, retained, or received portions of the tips that Plaintiff earned.

93.   Defendants did not pay Plaintiff proper overtime compensation for time that she was suffered or permitted to work in excess of 40 hours per workweek.

94.   Defendants did not keep accurate records of wages or tips earned, or of hours worked by Plaintiff.

95.   Defendants made unlawful deductions from Plaintiff's wages.

96.    Defendants did not compensate Plaintiff for the cleaning, care, and maintenance of the uniforms they required her to wear while working at the Club or pay her the required statutory rate for not doing so.

97.    Defendants did not pay Plaintiff spread-of-hours pay for shifts she worked of 10 hours or more.

98.    Defendants required Plaintiff to pay House Fees.

99.    Defendants failed to pay Plaintiff service charges that they led customers to believe that they would pay to her and other entertainers.

### FIRST CAUSE OF ACTION
**New York Labor Law Article 19 – Minimum Wages**
**(Brought on behalf of Plaintiff and the Members of the Rule 23 Class)**

100.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

101.    Defendants failed to pay Plaintiff and Rule 23 Class Members the minimum wages to which they are entitled under the NYLL.

102.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

103.    At all times relevant, Plaintiff and the Rule 23 Class Members have been employees of Defendants, and Defendants have been employers of Plaintiff and the Rule 23 Class Members within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor Regulations.

104.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiff and the Rule 23 Class Members.

105.    Defendants were required to pay Plaintiff and the Rule 23 Class Members a minimum wage at a rate of (a) $5.15 per hour for all hours worked from January 1, 2004 through December 31, 2004, (b) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005, (c) $6.75 per hour for all hours worked from January 1, 2006 through the December 31, 2006, (d) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009, and (e) $7.25 per hour for all hours worked from July 24, 2009 to the present time under the NYLL § 652 and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR § 137-1.2.

106.    Defendants failed to pay Plaintiff and Rule 23 Class Members the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

107.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR § 137-1.2.

108.    Defendants failed to post, in a conspicuous place in their establishments, a notice issued by the New York State Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to the regulations in 12 NYCRR § 137-2.3.

109.    Defendants failed to furnish with every payment of wages to Plaintiff and the Rule 23 Class Members a statement listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting

New York State Department of Labor Regulations including but not limited to the regulations in 12 NYCRR § 137-2.2.

110.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR Part 137.

## SECOND CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime
### (Brought on behalf of Plaintiff and the Members of the Rule 23 Class)

111.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

112.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and Rule 23 Class Members.

113.    Defendants have failed to pay Plaintiff and Rule 23 Class Members the overtime wages to which they are entitled under the NYLL and supporting New York State Department of Labor Regulations.

114.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations.

## THIRD CAUSE OF ACTION
### New York Labor Law Article 19 - Spread-of-Hours Pay
### (Brought on behalf of Plaintiff and the Members of the Rule 23 Class)

115.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

116.    Defendants have willfully failed to pay Plaintiff and Rule 23 Class Members additional compensation of one hour's pay at the minimum hourly wage rate for each day during which they worked more than 10 hours.

### FOURTH CAUSE OF ACTION
**New York Labor Law Article 6 – Unlawful Wage Deductions and Tip Misappropriation**
**(Brought on behalf of Plaintiff and the Members of the Rule 23 Class)**

117.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

118.    At all times relevant, Plaintiff and Rule 23 Class Members have been employees within the meaning of the Article 6 NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor Regulations.

119.    At all times relevant, Defendants have been an employer within the meaning of Article 6 NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor Regulations.

120.    The wage payment provisions of Article 6 of the NYLL and supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiff and the Class Members.

121.    By conduct described herein, Defendants made unlawful deductions from Plaintiff's and Class Member's wages in violation of Article 6 NYLL § 193 and supporting New York State Department of Labor Regulations.

122.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and Rule 23 Class Members in violation of Article 6 NYLL § 196-d and supporting New York State Department of Labor Regulations.

123.   Defendants unlawfully retained part of the gratuities earned by Plaintiff and Rule 23 Class Members in violation of Article 6 NYLL § 196-d and supporting New York State Department of Labor Regulations.

124.   Defendants failed to pay Plaintiffs and Class Members service charges that they led customers to believe would be paid to Plaintiffs and Rule 23 Class Members.

125.   Defendants required Plaintiff and Rule 23 Class Members to share part of the gratuities they received with employees other than waiters, servers, busboys, or similar employees, in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

126.   Through their knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiff and Rule 23 Class Members, Defendants have willfully violated the NYLL Article 6, § 196-d and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR § 137-2.5.

### FIFTH CAUSE OF ACTION
#### New York Labor Law – Uniform Expenses
**(Brought on behalf of Plaintiff and the Members of the Rule 23 Class against all Defendants)**

127.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

128.   Consistent with their policy and pattern or practice, Defendants prohibited Plaintiff and Rule 23 Class Members from wearing street clothes to work and required them to wear uniforms consisting of designated attire.  The uniforms that Defendants mandated could not be worn as part of Plaintiff's and the Rule 23 Class Members' ordinary wardrobe.  Defendants required Plaintiff and Rule 23 Class Members to wear specific or distinctive styles, colors, and quality of clothing.

129.    Consistent with their policy and pattern or practice, Defendants required Plaintiff and Rule 23 Class Members to purchase their own uniforms and failed to reimburse Plaintiff and the Rule 23 Class Members for these costs, in violation of NYLL and its supporting regulations, NYCRR § 137-1.8.

130.    Consistent with their policy and pattern or practice, Defendants unlawfully required Plaintiff and Rule 23 Class Members to launder and maintain their uniforms and failed to compensate Plaintiff for these costs, in violation of the NYLL and its supporting regulations, NYCRR § 137-1.8.

131.    Defendants further failed to reimburse Plaintiff and Rule 23 Class Members for uniform-related expenses.

132.    Consistent with their policy and pattern or practice, Defendants' failure to reimburse Plaintiff and Rule 23 Class Members for their uniform-related expenses resulted in Plaintiff and Rule 23 Class Members being paid less than the minimum wage.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Recordkeeping Violations
### (Brought on behalf of Plaintiff and the Members of the Rule 23 Class against all Defendants)

133.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

134.    Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff and the Rule 23 Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL Article 19, §§ 650 *et seq.*, and supporting regulations, including 12 NYCRR § 142-2.6(a)(4).

135.    Defendants failed to post in a conspicuous place in their establishments a notice issued by the New York Department of Labor explaining the NYLL minimum wage provisions,

22

in violation of NYLL Article 19, §§ 650 *et seq.*, and supporting regulations including but not limited to 12 NYCRR § 142-2.8.

136.     Defendants failed to post in a conspicuous place in their establishments a notice issued by the New York State Department of Labor summarizing the NYLL tipped minimum wage provision, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to 12 NYCRR § 137-2.3.

137.     Defendants failed to furnish with every payment of wages to Plaintiff and Rule 23 Class Members a statement listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to 12 NYCRR § 137-2.2.

### SEVENTH CAUSE OF ACTION
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

138.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

139.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

140.     At all times relevant, Plaintiff and the FLSA Collective members were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

141.   At all times relevant, Plaintiff and the FLSA Collective members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

142.   At all times relevant, Defendants have been employers of Plaintiff and the FLSA Collective members, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

143.   Defendants failed to pay Plaintiff and the FLSA Collective members any minimum wages to which they are entitled under the FLSA.

144.   Defendants failed to pay Plaintiff and the FLSA Collective members the minimum wages free and clear to which they are entitled under the FLSA.

145.   Defendants were required to pay directly to Plaintiff and the FLSA Collective members the applicable federal minimum wage rate of at least (a) $5.15 per hour for all hours worked from February 10, 2007 through July 23, 2007, (b) $5.85 per hour for all hours work from July 24, 2007 through July 23, 2008, (c) $6.55 per hour for all hours worked from July 24, 2008 through July 23, 2009, (d) $7.25 per hour for all hours worked from July 24, 2009 through the present.

146.   Defendants did not inform Plaintiff and the FLSA Collective members of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m).

147.   Defendants did not permit Plaintiff and the FLSA Collective members to retain all tips they received.

148.   Defendants failed to post and keep posted in a conspicuous place on the premises of their establishments a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

## EIGHTH CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

149.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

150.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq.*, and supporting federal regulations apply to Defendants and protect  Plaintiff and the FLSA Collective members.

151.     Defendants have failed to pay Plaintiff and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours in a workweek.

## NINTH CAUSE OF ACTION
### Federal Law Standards Act – Uniform Expenses
### (Brought on behalf of Plaintiff and the FLSA Collective against all Defendants)

152.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

153.     Plaintiff and the FLSA Collective members earned less than the required minimum wages and overtime wages.

154.     Defendants required Plaintiff and the FLSA Collective members to wear uniforms.

155.     The uniforms that Plaintiff and the FLSA Collective members were required to wear were not ordinary street clothing.  Defendants prescribed a specific type and style of clothing to be worn at work, and required specific or distinctive styles, colors, and quality of clothing.

156.     Plaintiff and the FLSA Collective members incurred costs purchasing and laundering the uniforms for the benefit and convenience of Defendants.

157.    It was Defendants' policy and pattern or practice not to pay for the purchase or laundering of Plaintiff's and the FLSA Collective members' uniforms and not to reimburse or otherwise compensate them for these costs.

### TENTH CAUSE OF ACTION
#### Fair Labor Standards Act – Recordkeeping Violations
#### (Brought on behalf of Plaintiff and the FLSA Collective against all Defendants)

158.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

159.    Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff and the FLSA Collective members, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations.

160.    Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. §§ 203(m) and 211, and supporting federal regulations, including but not limited to, 29 C.F.R. § 516.4.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all entertainers / dancers who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at the Penthouse Executive Club. Such notice shall inform them that this civil action has been

filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

      B.      Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting United States Department of Labor regulations;

      C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

      D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

      E.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.*, NYLL Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor regulations;

      F.      Unpaid minimum wages and overtime pay pursuant to NYLL Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor regulations;

      G.      Reimbursement of all misappropriated tips, service charges, House Fees, and other unlawful deductions;

      H.      Pre-judgment interest and post-judgment interest;

      I.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

      J.      Plaintiff does not seek liquidated damages under the NYLL on behalf of the New York Class but reserves her right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*;

      K.      Reasonable attorneys' fees and costs of the action; and

      L.      Such other relief as this Court shall deem just and proper.

*     *     *

Dated:      New York, New York
               February 11, 2010

Respectfully submitted,

**OUTTEN & GOLDEN LLP**
By:

_____
Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Sonia R. Lin (SL 4130)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005

**URBAN JUSTICE CENTER**
**SEX WORKERS PROJECT**
Gratienne Baskin (*pro hac vice motion forthcoming*)
123 Williams Street, 16th Floor
New York, New York 10038
Telephone:  (646) 602-5600
Facsimile:  (212) 533-4598

**Attorneys for Plaintiff and the Putative Class**

# EXHIBIT A

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against The Penthouse Executive Club, The Executive Club, LLC, Mark Yackow, Robert Gans, and other related entities and/or individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.


_Leslie Liwanag_
Signature

_Leslie Liwanag_
Print name

_375 S End Ave 25 P_
Address

_NY NY 10280_
City, State, and Zip Code

REDACTED