# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Penthouse Executive Club Compensation Litigation

Master File No. 10 Civ. 1145
(KMW)

NOTICE OF PROPOSED
CLASS ACTION SETTLEMENT

TO: NAME OF CLASS MEMBER

DATED: _____, 2013

**PLEASE READ THIS NOTICE CAREFULLY**

**This Notice relates to a proposed settlement of class and collective action litigation.**

**This settlement has been authorized by a federal court. It contains important information as to your right to participate in the settlement, and to make a claim for payment or elect not to be included in the class.**

Introduction

Individuals who formerly worked at the Penthouse Executive Club (the "Club"), Stephanie Carattini, Nicole Hughes and Leslie Liwanag, filed lawsuits alleging unpaid minimum wages, unpaid overtime compensation, unpaid spread-of-hours pay, tip credit claims, tip misappropriation claims, unpaid uniform expenses, and statutory uniform maintenance costs among other damages against Defendants. The Court in charge of this case is the United States District Court for the Southern District of New York. The lawsuits are known as *Liwanag v. The Executive Club LLC, et al.*, No. 10 Civ. 1145 (S.D.N.Y. filed February 11, 2010) ("Liwanag Action") and *Carattini v. The Executive Club LLC, et al.*, No. 09 Civ. 10572 (S.D.N.Y. filed December 29, 2009) ("Carattini Action"). The Liwanag Action and the Carattini Action have been consolidated and are collectively referred to as *In Re: Penthouse Executive Club Litigation*, Case No. 10 Civ. 1145 (KMW). The individuals who filed the lawsuit are called the Plaintiffs. The group of similarly-situated workers they seek to represent in the case, including you, are "Class Members."

Plaintiffs allege in the lawsuit that, among other things, Defendants failed to pay them and the Class Members wages, including minimum wage, overtime for the hours they worked over 40 in a week, improperly retained gratuities, improperly collected "house fees" and required them to incur uniform-related expenses in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

Defendants vigorously deny Plaintiffs' allegations and contend that Class Members at all times were independent contractors, not employees, and are therefore not entitled to additional wages and damages beyond the substantial amounts of money they made while performing at the Club, which amounts offset any damages that they may have sustained if the Court were to determine that they were misclassified as independent contractors.

Plaintiffs and Defendants have agreed to settle the lawsuit subject to the approval of the Court. Defendants have agreed to a settlement fund in the amount of $8,000,000.00, including attorneys' fees and costs. The Court has not decided who is right and who is wrong in this lawsuit. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

**PARTICIPATE**   As described more fully below, to participate in the settlement, you must mail a properly completed Claim Form and Release to the Claims Administrator post-marked by [90 days from mailing date]. If you fail to mail a timely Claim Form and Release post-marked by [90 days from mailing date], you will not receive any money from the settlement.

**EXCLUDE YOURSELF**   If you wish to exclude yourself from the lawsuit, you must follow the directions outlined in response to question 6 below.

**OBJECT**   You may also object to the settlement by writing the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under New York Law unless you submit a valid and timely Request for Exclusion. You will not be bound by the settlement if you exclude yourself from the lawsuit.

**1. Why did I receive this notice?**

You have received this notice because the Club's records show that you worked at the Club during the relevant time period.

**2. What is a class action?**

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Kimba M. Wood, United States District Court Judge for the Southern District of New York, is presiding over this class action.

**3. Why is there a settlement?**

Class Counsel, identified in paragraph 10 below, analyzed and evaluated the merits of the claims made against Defendants in the Litigation, reviewed documents and statements in connection

2

with the performance of workers, engaged in motion practice, analyzed damages data for Plaintiffs and a significant sample of the putative Class Members and evaluated Defendants' ability to pay a judgment. Based upon their analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiffs and Putative Class Members. All class members who submit a properly completed claim form, as described in paragraph 5 below, will receive a distribution of the settlement proceeds.

| 4. | How are settlement amounts calculated? |
|---|---|

Class Members who submit properly completed claim forms as described in paragraph 5 below, will receive their share of the Net Settlement Fund, as defined in the Settlement Agreement, according to the allocation formula set forth at Section 3.4 of the Settlement Agreement and summarized below.

A Class Member's portion of the settlement award ("Individual Settlement Payment") shall be determined by the Claims Administrator based upon how many calendar years during which the Class Member worked at The Penthouse Executive Club. For the first calendar year during which the Class Member worked at The Penthouse Executive Club, $3,727.79 will be allocated. For each additional calendar year during which the Class Member worked at The Penthouse Executive Club beyond the first, the Class Member will be allocated one (1) "point." Each "point" will entitle the Class Member to a proportional share of the available settlement pool remaining after distributions are made to members of the Class for the first calendar year that they performed at The Penthouse Executive Club.

**Based on the allocation formula above, you are entitled to collect approximately $[individual class member share].**

| 5. | Procedures |
|---|---|

To be eligible for a distribution from the settlement fund, you must timely complete and return the enclosed Claim Form and Release according to instructions provided on the form, including: (1) an acknowledgement that, by signing the Claim Form and Release, you wish to participate in to the case and be subject to payment under the Fair Labor Standards Act and the New York Labor Law; and (2) a release of claims consistent with that set forth in this Notice. The Claim Form and Release must be personally filled out by the current or former worker who seeks to participate in the Settlement or someone with a legal right to act on her behalf.

The Claim Form and Release must be properly completed, signed, and mailed to the Claims Administrator via First Class United States Mail, and post-marked by [90 days from mailing date]. If you do not properly complete and timely submit the Claim Form and Release, you will not be eligible to receive any monetary distribution.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants through June 12, 2012, from all New York Labor Law claims asserted in the Complaint. This means that you cannot sue, continue to sue, or be a party of any other lawsuit against Defendants regarding the New York Labor Law claims brought in this case. It also means that all of the Court's orders will apply to you and legally bind you. In addition, by signing the Claim Form and Release, you forever and fully release Defendants through June 12, 2012, from all Fair Labor Standards Act claims asserted in the Complaints.

| 6. | **How Do I Exclude Myself From The Settlement?** |

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case. If you intend to exclude yourself, you must mail a written, signed statement to the Claims Administrator stating "I opt out of the Penthouse wage and hour settlement" and include your name, stage name(s) you used at the Club, the time period(s) that you worked at the Club, your address, telephone number and social security number ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Claims Administrator via First Class United States Mail, postage prepaid, and postmarked by [90 days from mailing date].

Claims Administrator
[NAME]
[ADDRESS]
[ADDRESS]
[PHONE NUMBER]

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

**7. What am I giving up by staying in the case?**

Unless you exclude yourself, you will remain a Class Member. That means you cannot sue, continue to sue, or be a party to any other lawsuit against Defendants for any New York State wage and hour claims that were or could have been brought in this lawsuit through the effective date of the settlement.

**8. If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you will not receive any money from this settlement.

**9. What happens if I do nothing?**

If you do nothing, you will not receive any money from this settlement, and you will be subject to all decisions and rulings from the Court. If the Court approves the settlement, all of your New York Labor Law claims will be relinquished, however your FLSA claims will be preserved.

### 10. Do I have a lawyer in this case?

You are represented by the following lawyers listed below. They are called "Class Counsel." You may call Class Counsel if you have any questions about the settlement or participating in it.

Justin M. Swartz
Outten & Golden LLP
3 Park Avenue
29th Floor, New York , NY 10016
212-245-1000
jms@outtengolden.com
www.outtengolden.com

Lloyd Ambinder
Virginia & Ambinder, LLP
Trinity Centre
111 Broadway, Suite 1403
New York, New York, 10006
 212-943-9080
lambinder@vandallp.com
http://www.vandallp.com/

Jeff Brown
Leeds, Brown Law PC
1 Old Country Road, Suite 347
Carle Place, New York, 11514
800-585-4658
Jbrown@LeedsBrownLaw.com
http://www.lmblaw.com/

Sienna Baskin
Urban Justice Center, Sex Workers Project
123 Williams Street, 16th Floor
New York, NY 10038
646-602-5617
sbaskin@urbanjustice.org
http://www.sexworkersproject.org/

### 11. How will the lawyers be paid?

You will not be charged separately for Class Counsel. Their fees are being paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense. Class Counsel will ask the Court to approve attorneys' fees plus litigation expenses and costs. The fees would pay Class Counsel for investigating the facts, litigating the lawsuit, and negotiating and overseeing the settlement. The Court will ultimately decide the amount that will be paid to Plaintiffs' and Class Members' attorneys for their services.

| 12. How do I tell the Court that I do not like the settlement? |
|---|

You can object to the settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion.  To object, you must send a letter saying that you object to the settlement of *In Re: Penthouse Executive Club Litigation*.  Your statement must include all reasons for the objection and any supporting documentation.  If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection.  You will not be allowed to present reasons for your objection at the fairness hearing that you did not describe in your written objection.  Mail the objection to the Claims Administrator via First-Class United States Mail, postage prepaid at the address below.  Your objection will not be heard unless it is mailed to the Claim Administrator via First Class United State Mail and postmarked by [90 days from mailing date].

Claims Administrator
[NAME]
[ADDRESS]
[ADDRESS]
[PHONE NUMBER]

The Claims Administrator will file your objection statement with the Court.  You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

| 13. What's the difference between objecting and excluding? |
|---|

Objecting is simply telling the Court that you do not like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

| 14. When and where will the Court decide whether to approve the settlement? |
|---|

The Court will hold a Fairness Hearing at _____ on _____, 2013, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom _____.  At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Judge will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

| 15. Are there more details about the settlement? |
|---|

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can review the Settlement Agreement by asking for a copy of the Settlement Agreement by writing to or calling:

Claims Administrator
[NAME]
[ADDRESS]
[ADDRESS]
[PHONE NUMBER]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re Penthouse Executive Club Compensation Litigation** | Master File No. 10 Civ. 1145 (KMW)  **ECF Case** |

# CLAIM FORM AND RELEASE INSTRUCTIONS

**In order to receive your portion of the settlement funds described in the Notice of Proposed Settlement ("Notice"), you must complete and return this Claim Form and Release and a completed W-9 form (enclosed), including your social security number, to the Claims Administrator postmarked by [90 days from mailing date].**

Claims Administrator

[NAME]
[ADDRESS]
[ADDRESS]
[PHONE NUMBER]

### CHANGES OF ADDRESS

It is **your responsibility** to keep a current address on file with the Claims Administrator. Please make sure to notify the Claims Administrator of any change of address.

**CLAIM FORM AND RELEASE**

*THIS FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR POSTMARKED BY_____ [90 DAYS FROM MAILING DATE].*

I understand that this lawsuit was brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law ("NYLL"). I hereby consent and agree to join the consolidated case of *In Re: Penthouse Executive Club Litigation*, Case No. 10 Civ. 1145 (KMW). I consent and agree to be bound by any adjudication of this action by the Court. I further agree to be bound by the collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable. I hereby designate the law firms of Outten & Golden LLP, Virginia & Ambinder, LLP, Leeds Brown Law P.C. and Urban Justice Center to represent me in this action.

My signature below constitutes a full and complete release and discharge of The Executive Club LLC d/b/a Penthouse Executive Club; The Penthouse Club Inc., Robert Gans and Mark Yackow, individually, their present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them ("Defendants") by me and by my respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, from any and all wage and hour claims, demands, rights, liabilities, expenses, and losses of any kind, that I have, had, or might have had against Defendants based on any act or omission that occurred at any time up to and including June 12, 2012 related to any of the facts or claims alleged in this Litigation, even if presently unknown and/or un-asserted, including but not limited to: The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq*. and the wage and hour laws and regulations of the state of New York, including the New York Labor Law Articles 6 and 19, and all derivative benefit claims (both ERISA and non-ERISA benefits) interest on such claims, and attorneys' fees, expenses and costs in exchange for a portion of the Net Settlement Fund, which totals approximately $[individual class member amount].

I declare under penalty of perjury that the above information is correct.

_____   _____   _____
Name (print)                                            Signature                                            Date


_____
Mailing Address


**YOU MUST ENCLOSE A COMPLETED W-9 FORM, INCLUDING YOUR SOCIAL SECURITY NUMBER**

9