USDS SDNY 00d, K.
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/13

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Elizabeth Wagoner
Amber C. Trzinski
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**VIRGINIA & AMBINDER LLP**
Lloyd Ambinder
LaDonna M. Lusher
111 Broadway, Suite 1403
New York, New York 10006
Telephone: (212) 943-9080
Facsimile: (212) 943-9082

**URBAN JUSTICE CENTER**
**SEX WORKERS PROJECT**
Gratienne Baskin (*admitted pro hac vice*)
123 Williams Street, 16th Floor
New York, New York 10038
Telephone: (646) 602-5600
Facsimile: (212) 533-4598

**LEEDS BROWN LAW PC**
Jeffrey Brown
One Old Country Road, Suite 347
Carle Place, NY 11514-1851
Telephone: (212) 661-4370
Facsimile: (516) 747-5024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Penthouse Executive Club Compensation Litigation | Master File No. 10 Civ. 1145 (KMW) |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement ("Motion for Preliminary Approval"). Defendants agreed, for settlement purposes only, not to oppose the motion.

I.   **Preliminary Approval of Settlement**

1.   Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Justin M. Swartz ("Swartz Declaration"), the Declaration of Lloyd Ambinder ("Ambinder Declaration"), the Declaration of Jeffrey K. Brown ("Brown Declaration"), the Declaration of Gratienne Baskin ("Baskin Declaration") and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiffs and Defendants the Executive Club LLC d/b/a The Penthouse Executive Club; Robert Gans, and Mark Yacow (collectively "Penthouse" or "Defendants") attached to the Swartz Declaration as Exhibit A, and "so orders" all of its terms.

2.   Courts have discretion regarding the approval of a proposed class action settlement. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks. *See Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009).

3.   Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. *Clark*, 2009 WL 6615729, at *3.

4.   Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and, in

2

some cases, an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002)). Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *See Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL 5862749, at *1 (S.D.N.Y. Nov. 15, 2012) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1 (S.D.N.Y. Mar. 12, 2012) (same). To grant preliminary approval, the court need only find that there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal citation omitted). If the proposed settlement "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Clark*, 2009 WL 6615729, at *3.

5.  The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d at 634; *Hernandez*, 2012 WL 5862749, at *1.

6.  The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. "Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, Nos. 05 Civ. 10240, 05 Civ. 10287, 05 Civ. 10515, 05 Civ. 10610, 06 Civ. 304, 06 Civ. 347, 06 Civ. 1684, 2007 WL 2230177, at *4

(S.D.N.Y. July 27, 2007).

7. The assistance of two experienced mediators, David Geronemus of JAMS and Martin Scheinman, Esq., reinforces that the Settlement Agreement is non-collusive. A settlement like this one, reached with the help of third-party neutrals enjoys a "presumption that the settlement achieved meets the requirements of due process." *See Johnson v. Brennan*, 10 Civ. 4712 CM, 2011 WL 4357376, at *8 (S.D.N.Y. Sept. 16, 2011) (citations omitted).

8. One of the named plaintiffs, Leslie Liwanag, has objected to preliminary settlement approval. However, a plaintiffs' dissatisfaction with certain settlement terms is not a bar to preliminary approval. The proper time for the Court to consider objections to a settlement is at the final approval hearing. *See Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611 (S.D.N.Y. 2012) (granting preliminary approval after two of three named plaintiffs objected and objections considered at final approval hearing); *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 608 (W.D.N.Y. 2011) ("to the extent that the proposed interveners have particular objections to the terms of the proposed settlement, there is no reason why those concerns cannot be fully and adequately aired at the fairness hearing and in the context of the Court's decision whether to finally approve the settlement."); *In re TD Ameritrade Account Holder Litig.*, Nos. 07 Civ. 2852 & 4903, 2011 WL 4079226, at *7 (N.D. Cal. 2011) (noting prior holding that objections are "germane to the final approval, as opposed to the preliminary approval, of the Settlement"); *White v. Experian Info. Solutions, Inc.*, No. 05 Civ. 1070, 2011 WL 2972054, at *11 (C.D. Cal. July 15, 2011) (appropriate time to consider objections is at final approval); *Lane v. Facebook, Inc.*, No. 08 Civ. 3845, 2009 WL 3458198, at *5 (N.D. Cal. Oct. 23, 2009) (denying motion to intervene and object at preliminary approval stage because proper time to consider objections is at final approval).

9. Courts should grant preliminary approval where the settlement agreement has "no obvious defects." *See Alli v. Boston Market Corp.*, No. 10 Civ. 00004, 2011 WL 6156938, at *3 (D. Conn., Dec. 9, 2011). The Court finds that the settlement presented here has "no obvious defects" that prevent preliminary approval.

10. An objection to the amount of a settlement is not the type of "obvious defect" that should derail a settlement process before it begins. A complaint about the settlement amount should be addressed at the final approval hearing after all of the Class Members have had a chance to weigh in and the all parties have made full presentations.

11. Likewise, an objection to a proposed allocation formula should not affect the preliminary approval determination. The Court should allow the rest of the class a chance to evaluate the settlement and the allocation formula, especially because, like any allocation formula, class members with different circumstances might view it differently. *See In re PaineWebber P'ships Litig.*, 171 F.R.D. 104, 133 (S.D.N.Y. 1997), *aff'd*, 117 F.3d 721 (2d Cir. 1997) ("in the case of a large class action the apportionment of a settlement can never be tailored to the rights of each plaintiff with mathematical precision. . . ").

## II. Conditional Certification of the Proposed Rule 23 Settlement Classes

12. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (discussing the advantages of certifying classes for settlement purposes); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011)

(conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

13. Therefore, the Court certifies the following class under Fed. R. Civ. P. 23(e) for settlement purposes ("Settlement Class"):

> All individuals who perform or performed at the Penthouse Executive Club as entertainers between 2004 and June 12, 2012.

14. Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

15. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 1,245 Rule 23 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members").

16. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because they and the class members share common issues of fact and law, including whether Defendants classified them all as independent contractors and failed to pay them overtime wages in violation of state wage and hour laws. *See Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 615-16 (S.D.N.Y. 2012) (commonality satisfied where, among other allegations, plaintiffs claimed that defendant had policy of not paying all class members overtime pay); *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and…whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

6

17. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Hernandez*, 2012 WL 5862749, at *3 (typicality satisfied where "[p]laintiffs' claims for overtime pay [arose] from the same factual and legal circumstances that form[ed] the bases of the [c]lass [m]embers' claims"); *Morris*, 859 F. Supp. 2d at 616 (same).

18. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that the named Plaintiffs' and Class Members' interests are at odds. *See Morris*, 859 F. Supp. 2d at 616 (no evidence that named plaintiffs' and class members' interests were at odds).

19. In addition, Plaintiffs' Counsel, Outten & Golden LLP ("O&G"), Virginia & Ambinder LLP ("V&A"), Leeds Brown Law, PC ("LBL"), and the Urban Justice Center Sex Workers Project ("UJC") also meet Rule 23(a)(4)'s adequacy requirement. All are well qualified to represent the class.

20. Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Hernandez*, 2012 WL 5862749, at *4 (common factual allegations and legal theory predominated over variations in wage and hour misclassification case); *Torres v. Gristede's Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiff "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims

individually. *See Morris*, 859 F. Supp. 2d at 617; *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 161, 164 (S.D.N.Y. 2008) (Lynch, J.).

### III. Appointment of Plaintiffs' Counsel as Class Counsel

21. The Court appoints Outten & Golden LLP ("O&G"), Virginia & Ambinder LLP ("V&A"), Leeds Brown Law, PC ("LBL"), and the Urban Justice Center Sex Workers Project ("UJC") (together, "Plaintiffs' Counsel") as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia*, 250 F.R.D. at 165 (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

22. Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.

23. O&G attorneys are experienced class action litigators and are "well-versed in wage and hour and class action law." *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 1872405, at *2 (S.D.N.Y. May 17, 2011) (internal quotation marks omitted). V&A has also has demonstrated "expertise" in this area. *Dabrowski v. Abax Incorporated*, 84 A.D.3d 643 (1st Dept. 2011). LBL is also well-qualified to represent the class here. UJC's subject matter expertise and experience prosecuting class actions recommends appointing UJC as Class Counsel as well.

24. The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class' interests.

8

### IV. Notice

25. The Court approves the Proposed Notice of Class Action Settlement ("Proposed Notice"), filed on April 5, 2013, and directs its distribution to the Class.

26. In addition to the Proposed Notice, notice to Class Members shall also be provided on a website entitled www.stripperweb.com and in a magazine entitled "Xtreme." If Class Counsel determines that either of these additional methods of providing notice is not feasible, Class Counsel shall notify the Court immediately.

27. The content of the Proposed Notice fully complies with due process and Federal Rule of Civil Procedure 23.

28. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

29. The Proposed Notice satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *Johnson*, 2011 WL 1872405, at *3. The Proposed Notice is also appropriate because it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Hernandez*, 2012 WL 5862749, at *5.

V. **Class Action Settlement Procedure**

30. The Court hereby adopts the settlement procedure:

   a. Within 30 days of the date of this Order, the Claims Administrator shall mail the Notices to Class Members;

   b. Class Members will have 90 days from the date the Notice is mailed to opt out of the settlement or object to it;

   c. Plaintiffs will file a Motion for Final Approval of Settlement no later than 15 days before the fairness hearing;

   d. The Court will hold a final fairness hearing on **September 18, 2013** at **11** (a.m.)/p.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 18B;

   e. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be the day after the deadline for taking an appeal has passed;

   f. If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be the day after all appeals are resolved in favor of final approval;

   g. The Claims Administrator will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Awards, and the Claims Administrator's fee within 30 days of the Effective Date; and

   h. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this **29** day of **April**, 2013.

*Kimba M. Wood*
Honorable Kimba M. Wood
United States District Judge