

MEMO ENDORSED

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian

OUTTEN & GOLDEN

*Advocates for Workplace Fairness*

Allegra L. Fishel
Lewis M. Steel
Paul W. Mollica
Piantiya Ruan
Deirdre A. Aaron
Sally Abrahamson
Reena Arora
Delyanne D. Barros
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cyrus Dugger
Cara E. Greene
Jennifer Liu
Ossai Miazad
Carmel Mushin
Melissa Pierre-Louis
Sandra Pullman
Michael Scimone
Dana Sussman
Amber Trzinski
Juno Turner
Elizabeth Wagoner

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/13

June 14, 2013

**By Hand Delivery and Facsimile to (212) 805-7900**
The Honorable Kimba M. Wood
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    *In re Penthouse Executive Club Compensation Litigation*,
               Master File No. 10 Civ. 1145

Dear Judge Wood:

    Along with Virginia & Ambinder, LLP, Leeds Brown Law, P.C., and Urban Justice Center, we represent the Plaintiffs in the above-referenced consolidated case. We write in response to this Court's request for a description of the nature of the dispute referenced in our June 5, 2013 letter to the court. (*See* Doc. No. 119). We write on behalf of all parties.

    The issue to which we refer in our June 5, 2013 letter is as follows: The Settlement Agreement is silent as to whether settlement awards should be treated as wages or non-wages, and whether the claims administrator should issue class members W-2 forms or 1099 forms. The key substantive issue in this case was whether class members were employees or independent contractors. On one hand, Defendants have always paid class members as independent contractors and issued them 1099 forms. On the other hand, Plaintiffs' claim here was that they should have been classified as employees from the start.

    This issue arose because the claims administrator determined that, under its view of the law, it must report settlement awards as wages, for tax purposes, and issue W-2 forms to class members. Defendants do not consent to the claims administrator issuing W-2 forms and state that "there has been no finding or admission that class members are employees or that any amounts that they receive from Defendants are wage income." Defendants also reported to Plaintiffs' counsel that they have spoken to other claims administrators that view the issue differently than the claims administrator in this case.

    However, the parties have devised a solution that, with Court approval, will resolve this issue. Instead of the claims administrator issuing the settlement checks and performing all tax reporting, as described in the Settlement Agreement, *see* Joint Settlement Agreement, Sections 2.7 (A) and 3.4 (C), Defendants will issue the checks and perform any required tax reporting. Defendants have informed Plaintiffs' counsel that they intend to report the settlement awards as

Honorable Kimba M. Wood
Page 2 of 3
June 14, 2013

non-wage payments, issue 1099 forms to class members, and assume all responsibility for this decision. Plaintiffs and their counsel take no position on the tax treatment of settlement payments and did not participate in the Defendants' decision to treat settlement payments as non-wage payments. The claims administrator will maintain responsibility for calculating the settlement awards and mailing the settlement checks that Defendants cut.

In order to effectuate this change, the parties have executed an addendum to the Settlement Agreement, which is enclosed for the Court's review. (Exhibit A) For the Court's convenience, we also enclose the Settlement Agreement. (Exhibit B)

Additionally, in order to ensure that class members are aware of this issue, the parties have agreed to revise the settlement notice, adding provisions that inform class members that Defendants will issue their settlement checks, that Defendants will issue class members 1099 forms, and that doing so is Defendants' decision, in which Plaintiffs and their counsel did not participate. We enclose a redlined (Exhibit C) and clean (Exhibit D) version of the settlement notice for the Court's review.

We respectfully request that the Court:

1. Approve the addendum to the settlement agreement attached as Exhibit A; *Approved. KMW*

2. Approve the revised settlement notice attached as Exhibit D; and

3. Order that the settlement notice be issued on or before June 26, 2013. — *So ordered. KMW*

If the Court would like any further information, the parties would be glad to provide it.

Respectfully submitted,

Justin M. Swartz

enclosures
cc (via email):
    Jeffrey A. Kimmel, Esq.
    Howard Davis, Esq.
    Gregory Rasin, Esq.
    Joshua F. Alloy, Esq.
    Leslie Liwanag
    All Plaintiffs' Counsel

SO ORDERED, N.Y., N.Y. 6/19/13

*Kimba M. Wood*
**KIMBA M. WOOD**
**U.S.D.J.**