# OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

October 25, 2013

**By ECF and Facsimile to (212) 805-7900**
The Honorable Kimba M. Wood
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:   *In re Penthouse Executive Club Compensation Litigation*,
             Master File No. 10 Civ. 1145

Dear Judge Wood:

    We are Class Counsel in the above-referenced matter. We write pursuant to the Court's instruction during the September 30, 2013 telephonic Court conference regarding Plaintiffs' request to extend the notice period, for anonymous claim filing, and other relief. Per the Court's instructions, the parties have met and conferred on this issue of anonymous filing but have not been able to agree on a process.

### Plaintiffs' Position

    Anonymous participation in the settlement is a good idea. Nobody can seriously dispute that it would increase participation to inform class members that they may participate without their names being shared with Defendants, and that this would help to mitigate the effects of the intimidation and retaliation that Plaintiffs described in their September 20, 2013 letter to the Court. This is supported by the declaration Plaintiffs submitted with their September 20 letter, *see* Exhibit A at ¶ 11 ("I firmly believe that many more entertainers would participate in the settlement if they could participate anonymously (so the club would not know that they participated) and without fear of retaliation"); by the declaration of Leslie Liwanag, *see* Exhibit B at ¶¶ 8-10 ("I believe that anonymous participation would alleviate the class members' fears of retaliation"); by Class Counsel's experience talking to other Class Members who were not willing to come forward; and by common sense.

    At the September 30, 2013 telephonic conference, the Court agreed that allowing class members to participate in the settlement without Defendants being aware of their identities was desirable and ordered the parties to meet and confer in order to ascertain "whether there's a way to allow class members to join the case anonymously." (Sept. 30 Tr. at 7: 1-7). Although the parties met and conferred and exchanged ideas, Defendants did not seem to be particularly interested in finding a way to accomplish anonymous participation. While Defendants were



Honorable Kimba M. Wood
Page 2 of 6
October 25, 2013

diligent in identifying obstacles, they were less so in identifying or compromising on solutions. In fact, Defendants responded to each proposed solution with another claimed obstacle. There is little doubt that Defendants do not want class members to be able to participate anonymously and that they are unwilling to cooperate in accomplishing it.

Defendants' suggestion that class members be told that, if they file a claim form, their name will be kept confidential from Defendants only for a few months – until Defendants cut their settlement checks – will not provide class members with much comfort, and will not likely achieve its purpose. Adding "strongly worded" anti-retaliation language will not provide much more comfort, given the atmosphere of fear at the club.

Class Counsel spoke to the settlement claims administrator and made a proposal to Defendants, which is simple and workable. The settlement claims administrator suggested the following:

1. Defendants should give the claims administrator a limited power of attorney to allow the claims administrator to open a bank account and order check stock using the Defendants' EIN. (This is not much different than the standard process in wage and hour settlements where a settlement administrator opens a qualified settlement fund, the defendant funds it, and the claims administrator cuts settlement checks from it.)

2. The claims administrator would then issue the checks.

3. The claims administrator would issue Forms 1099 to each participant.

4. The claims administrator would prepare the file for tax reporting, and would then hand that file over to the Defendants' accountants for them to do the actual filing. Defendants' accountants could be ordered to keep the claimant's names confidential from Defendants and Club management.

Defendants' concerns with this process are overblown. Each can be easily addressed if all parties are committed to allowing class members to participate without Defendants knowing their names.

*IRS 1099 tax forms, cutting checks, filing taxes*

Defendants concerns about preparing tax forms, cutting checks, and filing tax returns are addressed by plaintiffs' proposal above.

As an alternative, if Defendants are concerned about their in-house accountants' ability to keep class member names confidential from Defendants under Court order to do so (which should not be a serious concern) Defendants could hire outside accountants to file their taxes this year. Defendants did not respond to this proposal.

As a second alternative, Defendants could attempt to find a different claims administrator that is willing to file a tax return without employment taxes deducted to handle the entire process.

*Responding to Class Member Inquiries*

Defendant's hypothetical concern about class members challenging the number of years performed can be addressed without telling Defendants who filed claims. We suggest that Defendants turn their records over to the claims administrator who could review them and make a determination if a challenge is raised. The claims administrator could ask the class member for independent proof of years worked, which is the standard way to address such a dispute. This would not require Defendants' involvement.

This would not be burdensome because we assume that Defendants have already compiled and analyzed their records in order to accurately provide the claims administrator with the information necessary to calculate individual class members' awards.

Although this process is easily workable, an alternative would be to tell class members that their names will be kept confidential from Defendants unless they challenge the calculation of their settlement award.

*Defendants' "Entitlement" to Verify Claims*

This is a red herring because Defendants have no such entitlement. It is the claims administrators' job to verify claims and to ensure that class members receive the amounts due to them under the settlement. This does not require Defendants' input and is not part of any other settlement process of which Class Counsel is aware.

*Audits*

If the IRS audits Defendants' pay practices as a whole, there is no obvious reason that the identities of class members would have to be revealed to Defendants. If the IRS audits Defendants with respect to a particular class member, Defendants could apply to the Court for permission to obtain information necessary to respond. It would also not necessarily be required that the individually named Defendants (Mr. Yackow and Mr. Gans), or any club managers find out the names of the class members who made claims to respond to an IRS audit.

\* \* \*

To make the extent of the confidentiality clear, we propose that class members are told the following in the reminder postcard notice, in the notice posted in the club, and in the reminder text message:

> *"Your participation in the settlement will be confidential from the Club management and ownership. Club management and ownership will not see your claim form or your award check. Your name will not be disclosed to Club ownership or management unless Defendants apply for and obtain permission from the Judge overseeing the case. The Judge will not allow*

Honorable Kimba M. Wood
Page 4 of 6
October 25, 2013

*Club ownership or management to find out who filed claims unless Defendants show good cause and a true need to know."*

### Defendants' Position

At the Court Conference the Court directed the parties to meet and confer about whether there is a way to allow class members to make claims anonymously. During the Court Conference the Court suggested that class members could "join the case anonymously but get their checks from defendants later on." After careful consideration, and after weighing all proposed solutions, Defendants believe the only workable solution is that which the Court proposed.

Defendants have raised with Class Counsel a number of issues and concerns in connection with the ability of class members to file anonymously. In addition to phone conferences, Counsel for Defendants have sent several emails to Class Counsel explaining Defendants' concerns. The parties have been unable to agree on a structure for "anonymous" participation that addresses all of these concerns, including:

1. Under the Settlement Agreement and the Court approved Notice the Club must issue IRS Tax Forms 1099 to class members who make claims;
2. Under the Agreement and the Court approved Notice, the Club must issue checks for settlement payments to class members who make claims;
3. The Club must make tax filings related to the issuance of IRS Tax Forms 1099 and settlement payments above;
4. The Club must be able to respond to inquiries and audits by governmental agencies, such as the Internal Revenue Service or the federal or state Departments of Labor on a going forward basis;
5. The Club is entitled to verify claims made by class members; and
6. The identities of class members must be made available in the event that there is a dispute, such as a dispute regarding the number of years of performance.

For all of the reasons above, the identities of class members must ultimately be disclosed to Defendants. Therefore, the only way to address these issues is to have the class members remain anonymous through the claims period after which their identities will be disclosed to Defendants for verification and payment of the settlement proceeds and tax reporting purposes only. It should be noted that not only has there not been any retaliation or intimidation by any of the Defendants directed toward any class members concerning participation in the settlement, but class members who continue to perform at the Club have already been specifically informed that retaliation is illegal by the locker room sign that has already been posted the Club. The reminder postcard and text messages will contain similar language.[1]

---

[1] It should be noted that if Defendants did retaliate against class members for participating in this lawsuit or settlement, Defendants would be subjecting themselves to additional liability and new lawsuits.

Honorable Kimba M. Wood
Page 5 of 6
October 25, 2013

      In the past few weeks of discussion among the parties, Class Counsel has provided only a single proposal that does not sufficiently address Defendants' concerns. Class Counsel's complicated proposal requires that Defendants sign a Power of Attorney permitting the Claims Administrator to open a bank account and issue settlement checks in the Club's name, without any review or oversight of disbursements or even the bank statements by Defendants. Moreover, Class Counsel's proposal would require Defendants to hire outside accountants to issue IRS Forms 1099 to class members and to do the Club's tax reporting. Currently the Club's taxes are prepared and filed by in house accounting staff on premises.

      Class Counsel's proposal is that in the event of a governmental inquiry or audit (not an infrequent occurrence in the Defendants' industry) that Defendants would have to make an application to this Court in the case of each such inquiry to obtain Defendants' own tax and payment information necessary to respond. This is a substantial burden on the Defendants that the Defendants cannot be required to undertake.

      To address Defendants' concern about a class member who disputes the number of years that the Club's records establish that she performed at the Club, Class Counsel has proposed that the Club provide all of its records to the claims administrator so that the claims administrator would make such a determination. As has been discussed at length in this litigation, the records that Defendants would review to confirm dates of performance are in hard copy, not digital. As such, the Club's records at issue herein, which go back nearly 10 years to 2004, represent an enormous archive that would be impractical to simply provide to the claims administrator. Moreover, Defendants are operating a business and cannot simply turn over its records. To do so would be extremely disruptive to the operation of the Club's business. Class Counsel's alternative solution – that the Claims Administrator would ask the class member for proof and not involve the Defendants – would unfairly deprive the Defendants of defending their own records of class members' dates of performance. Moreover, to tell class members that they can make claims anonymously and only when they challenge the years of performance tell them that to do so would result in their identities being disclosed to Defendants will be misleading to class members.

      Defendants are not in agreement that it is even necessary for class members to make claims anonymously (as evidenced by the relatively high participation rate during the claims period to date). However, if claims are to be submitted anonymously, claimants' identities cannot remain anonymous past the claims period.

Honorable Kimba M. Wood
Page 6 of 6
October 25, 2013

Respectfully submitted,

| | |
|---|---|
| OUTTEN & GOLDEN LLP<br><br>By: _____<br>Justin M. Swartz<br>Park Avenue, 29th Floor<br>New York, New York 10016<br><br>*Class Counsel* | MEISTER SEELIG & FEIN LLP<br><br>By: _____<br>Jeffrey Kimmel<br>140 East 45th Street, 19th Floor<br>New York, New York 10017<br><br>*Counsel for The Executive Club, LLC and Mark Yackow* |
| VIRGINIA & AMBINDER, LLP<br><br>By: _____<br>LaDonna M. Lusher<br>111 Broadway, Suite 1403<br>New York, New York 10006<br><br>*Co-Class Counsel* | PROSKAUER ROSE LLP<br><br>By: _____<br>Gregory Rasin<br>11 Times Square<br>New York, New York 10036<br><br>*Counsel for Robert Gans* |

cc:   All Counsel (by ECF)