

## MEISTER SEELIG & FEIN LLP

2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
Telephone (212) 655-3500
Facsimile (212) 655-3535
www.meisterseelig.com



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/14

Howard Davis
*Attorney at Law*
Direct (212) 655-3585
Fax (646) 539-3684
hd@msf-law.com



MEMO ENDORSED

March 21, 2014

**By ECF and Facsimile**
The Honorable Kimba M. Wood
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:   ***In re: Penthouse Executive Club Compensation Litigation***
           **Master File No. 10 Civ. 1145**

Dear Judge Wood:

We represent defendants The Executive Club LLC, The Penthouse Club Inc., Robert Gans and Mark Yackow (collectively, "Defendants") in the above-referenced action. We write to respond to Class Counsel's letter ("Letter") to the Court from today asking that the Court direct Defendants to make a nearly $10,000 payment to class member Stephanie Carratini.

Ms. Carattini, a named plaintiff in this action, received a service award under the Settlement Agreement in the amount of $15,000 to which she was entitled without having to submit a Claim Form. However, Ms. Carattini has apparently not submitted a Claim Form in the settlement of the referenced action, a prerequisite to receive the additional claim award.

The Joint Stipulation of Settlement and Release between the parties, entered into on or about April 4, 2013 (the "Settlement Agreement") (Dkt No. 143-1) provides that Class Members must sign and return a Claim Form post-marked by the Claim Bar Date "to be eligible to receive her distribution from the Settlement Fund Account." Settlement Agreement ¶ 1.3; *see also Id.* at ¶ 2.7(A) ("A Class Member who submits a timely and properly and fully completed Claim Form and Release, post-marked by the Claim Bar Date, will be deemed eligible for a payment hereunder."). There is no exemption for named plaintiffs. In fact another named plaintiff, Nicole Hughes, evidently properly submitted a claim form and received both her service award and the additional payment under the settlement.

| NEW JERSEY | CALIFORNIA | MASSACHUSETTS | CONNECTICUT |
|---|---|---|---|
| 2G Auer Court | Chassman & Seelig LLP | 60 State Street | Canterbury Green |
| Williamsburg Commons | 11766 Wilshire Blvd., Suite 270 | Suite 700 | 201 Broad Street, Suite 460 |
| East Brunswick, NJ 08816 | Los Angeles, CA 90025 | Boston, MA 02109 | Stamford, CT 06901 |
| Telephone (732) 432-0073 | Telephone (310) 929-7192 | Telephone (617) 371-2979 | Telephone (203) 883-1700 |
| Facsimile (732) 432-4282 | Facsimile (310) 929-7627 | Facsimile (617) 371-2981 | Facsimile (203) 358-4072 |


MEISTER SEELIG & FEIN LLP

*Honorable Kimba M. Wood*
*March 21, 2014*
*Page 2*

Defendants have fully satisfied all of their obligations under the Settlement Agreement, including providing Ms. Carattini's last known address to the Claims Administrator for purposes of mailing the Notice of Settlement and Claim Form.[1] If this last known address is truly no longer valid, Class Counsel had the *obligation* under the Settlement Agreement to "provide the Claims Administrator with any updated addresses and phone numbers they obtain from Class Members." Settlement Agreement, ¶ 2.5(A).

It appears that Ms. Carattini's own lawyers failed to provide the Claims Administrator with Ms. Carattini's updated information despite their obligation to do so under the Settlement Agreement. Class Counsel was provided with the last known names, addresses, and phone numbers (where available) for all class members at the same time that Defendants provided to the Claims Administrator on May 9, 2013.

Ms. Carattini's attorneys also apparently failed to confirm with their client that Ms. Carattini filed a timely claim form during the six (6) months claim period.[2] The claims period ended on December 26, 2013 and all payments have been made as calculated and determined by the Claims Administrator. There is absolutely no basis under the Settlement Agreement for Defendants to have to pay an additional award to Ms. Carattini.

Ms. Carattini personally signed the Settlement Agreement, a fact on which Plaintiffs rely in their Letter. As such, she should have been aware (or made aware by her attorneys) of her obligation to submit a timely claim form under the Settlement Agreement.

Plaintiffs incorrectly state that "Named Plaintiffs are defined and identified separately from Class Members under the Joint Stipulation of Settlement and Release." The "Named Plaintiffs," including Ms. Carattini, fit squarely within the definition of "Class Members" in the Settlement Agreement: "all individuals who perform or performed at the Penthouse Executive Club as entertainers from on or about January 1, 2004 through June 12, 2012...." Settlement Agreement, ¶ 1.5. The only reason the Named Plaintiffs, including Ms. Carattini, were separately identified was to provide for their substantial service awards. Settlement Agreement, ¶ 3.3.

Like any other Class Member, Ms. Carattini was required to fill out and send a claim form, within the time required, to the Claims Administrator pursuant to sections 1.3 and 2.7(A) of the Settlement Agreement. At minimum, her attorneys (who collectively received a $2,175,000 attorneys' fee award in this case) should have advised her of this requirement.

---

[1] Multiple notices were sent out by mail, three text messages were sent to those class members for whom the Claims Administrator had phone numbers (surely Ms. Carattini's attorneys had her telephone number) and an adult entertainer online forum publicized the settlement, pursuant to court order, and provided a link to a claim form and instructions on how to make a claim.

[2] Defendants had no way of knowing who made claims under the settlement once it was ordered that the identities of claimants be kept confidential from the Defendants.

(4462-002) Doc# 1491


MEISTER SEELIG & FEIN LLP

*Honorable Kimba M. Wood*
*March 21, 2014*
*Page 3*

Defendants are simply not obligated to pay any more under the Settlement Agreement and cannot agree to open the door in any way to revisit the settlement, which is now final. *See* January 14, 2014 Order Granting Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, Approval of the FLSA Settlement, and Approval of Attorneys' Fees, Reimbursement of Expenses, and Service Awards (Dkt No. 159).

Respectfully submitted,

Howard Davis

cc: Justin Swartz, Esq. (by email)
Amber Trzinski, Esq. (by email)
Lloyd Ambinder, Esq. (by email)
LaDonna Lusher, Esq. (by email)
Sienna Baskin, Esq. (by email)
Jeffrey Brown, Esq. (by email)
Gregory Rasin, Esq. (by email)
Jeffrey A. Kimmel, Esq. (by email)

> The Court finds that in these circumstances it would be inequitable for Ms. Carattini to be denied her settlement damage award. Defendants have suffered no damage from her tardiness, and, furthermore, Defendants would reap a windfall were they permitted to keep the amount of her award.
> The Court hereby orders defendants to pay Ms. Carattini her settlement award within five (5) business days of today.
>
> 4-22-14
> SO ORDERED, N.Y., N.Y.
>
> Kimba M. Wood
> KIMBA M. WOOD
> U.S.D.J.

(4462-002) Doc# 1491