```
        E1ETPENC

1       UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF NEW YORK
2       ------------------------------x

3       IN RE:
        PENTHOUSE EXECUTIVE CLUB              10 CV 1145 (KMW)
4       COMPENSATION LITIGATION

5       ------------------------------x
                                              New York, N.Y.
6                                             January 14, 2014
                                              10:00 a.m.
7
        Before:
8
                        HON. KIMBA M. WOOD,
9
                                              District Judge
10
                              APPEARANCES
11
        OUTTEN & GOLDEN
12           Attorneys for Plaintiffs
        BY:  JUSTIN M. SWARTZ
13
        VIRGINIA & AMBINDER
14           Attorneys for Plaintiffs
        BY:  LADONNA LUSHER
15
        URBAN JUSTICE CENTER
16           Attorneys for Plaintiffs
        BY:  SIENNA BASKIN
17
        LEEDS BROWN
18           Attorneys for Plaintiffs
        BY:  MICHAEL TOMPKINS
19
        MEISTER, SEELIG & FEIN
20           Attorneys for Defendants
        BY:  HOWARD DAVIS
21           JEFFREY KIMMEL

22

23

24

25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1              (In open court, case called)
2              DEPUTY CLERK:  Counsel, please state your appearances.
3              MR. SWARTZ:  Good morning, your Honor, Justin Swartz
4     for the plaintiffs.
5              MS. LUSHER:  LaDonna Lusher for the plaintiffs.
6              MR. BASKIN:  Good morning your Honor, Sienna Baskin,
7     Urban Justice Center for the plaintiffs.
8              MR. TOMPKINS:  Michael Tompkins from Leeds Brown for
9     plaintiffs.
10             MR. KIMMEL:  Jeffrey Kimmel for defendants.
11             MR. DAVIS:  Howard Davis from Meister, Sellig & Fein
12    also on behalf of defendants.
13             THE COURT:  Good morning, we are here for a fairness
14    hearing with respect to the settlement of the case captioned In
15    Re Penthouse Executive Club Compensation Litigation.
16             Is there anyone in the courtroom who is a part of the
17    class or who is an opt out of the class?
18             Are the two spectators lawyers?
19             MR. SCHIRRIPA:  Yes, your Honor, Frank Schirripa from
20    Hach, Rose, Schirripa & Cheverie.  I represent twelve opt out
21    plaintiffs in a separate action that will before the Court
22    later this week.
23             THE COURT:  Do you wish to be heard at all?
24             MR. SCHIRRIPA:  I don't believe so.
25             THE COURT:  And is there anyone else in the courtroom

1   involved in this case?
2               MR. SCHIRRIPA:  This is my client, Ms. Liwanag.  She
3   was one of the original named plaintiffs in this action.
4               THE COURT:  I recall.  Good morning, Ms. Liwanag.
5               MS. LIWANAG:  Good morning.
6               THE COURT:  I asked everyone in the spectator section
7   if any of you wish to be heard with respect to the fairness
8   hearing that I'm having in this case today, and your lawyer has
9   said so far no.  Is that your view?
10              MS. LIWANAG:  Yes.
11              THE COURT:  On the record?
12              MS. LIWANAG:  Yes.
13              THE COURT:  Do you not wish to be heard?  No?
14              MS. LIWANAG:  No.
15              THE COURT:  Thank you.
16              All right.  I have reviewed all of the papers in the
17  case, and although the proportion of class members making the
18  claim seems small to me, I note it is not small when compared
19  to other similar cases.
20              I also note that although the amount claimed by
21  counsel is far more than the amount the claimants will receive,
22  it is only approximately 1.13 times their hourly rates, which
23  falls within the range granted by courts and is reasonable,
24  particularly in light of all the time you spent litigating the
25  case and in dealing with various mediators.

Case 1:10-cv-01145-KMW Document 168 Filed 02/18/15 Page 4 of 8      4
E1ETPENC

1    I'm curious, how did you happen to work with more than
2    one mediator?
3         MR. SWARTZ:  Good morning, your Honor, we simply went
4    to a mediation, we agreed on a mediator at JAMS, David
5    Geronemus, who is a well-respected mediator.  And I think it
6    was a productive session and he did a good job, but we just
7    didn't settle, and we went back to litigation.  We took a
8    couple more depositions and battle it out a little longer, and
9    then right before summary judgment briefing was about to start
10   we decided to give it one more try with a different mediator,
11   and after two sessions with him we were able to resolve the
12   case.
13        THE COURT:  All right.  Do you have any information
14   about why the number of claims is as small as it is?
15        MR. SWARTZ:  Just speculation, your Honor.  A couple
16   things, first of all, it's not the easiest population to reach.
17   I think that between the things that the parties negotiated,
18   the things that -- the extra things that the Court ordered us
19   to do and some of the things that class counsel asked for
20   permission to do, at the end of the claims filing period I
21   think we got as many as we could.
22        As the Court said, it's not a high percentage, but it
23   is within the typical range.  I wish it would have been higher,
24   but I can't say that I'm not satisfied.  I think we did
25   everything we could have.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1        THE COURT:  All right.  Would any of you like to be
2   heard orally at this point?
3        I have read your submissions, but if you wish to say
4   anything in addition, I would be glad to hear you.
5        MR. SWARTZ:  Your Honor, I do have two housekeeping
6   points.  And I apologize, I just raised them with opposing
7   counsel this morning for the first time.
8        There were three claim forms that the claims
9   administrator noted were deficient.  The claims administrator
10  sent letters to those three claimants asking them to cure their
11  deficiencies in their claim forms, and they haven't heard back
12  yet.
13       What I would like to ask the Court, and I apologize to
14  opposing counsel, I asked him for the first time this morning,
15  so he hasn't had a chance to talk to his client, so if those
16  claims come back cured within the 30-day period before the
17  effective date, that they be accepted.
18       Second, there were two people who contacted us in the
19  last couple of days, who, for whatever reason, just became
20  aware of the case.  They have indicated their intention to at
21  least consider filing a claim, and I would ask for the same
22  relief, that if they file a claim within the next 30 days that
23  their claims will be accepted.  Defendant has not had a
24  chance -- counsel has not had a chance to talk who his client
25  about it yet.

1      THE COURT:  I have trouble imagining what the
2  objection would be other than wanting to check any facts that
3  you need to check, but I think those are being checked by the
4  claims administrator.  I will approve your accepting the claims
5  you have just mentioned unless within five days I hear from
6  defense counsel that they have an objection as to which they
7  wish to be heard, in which case, we'll contact you and find a
8  mutually convenient date.
9      Anything else?
10      MR. SWARTZ:  No, thank you, your Honor.
11      THE COURT:  All right.  If there are other claims that
12  come in that can reasonably be checked within the 30-day
13  period, I would be inclined to accept them, so if you wish to
14  just have a telephone conference with regard to that, that's
15  fine, of course including defense counsel.
16      All right.  If there's nothing further, let me note a
17  few changes that I made in the proposed order.
18      Page 1 had a typo, the words "plaintiffs alleged that"
19  in the middle of the page is stated twice.  I simply exercised
20  where it's stated twice.
21      On page about 3 where the date reads October 17, I
22  changed it to January 14, 2014.
23      Just grammar point on page 4, paragraph 4, line 2,
24  before the word "plaintiffs" I added "the claims of," and in
25  the next line instead of "them," I added the words "claims

members."

On page 9 toward the end of the page I have changed the last two sentences as follows, the first of those reads: No class member objected to the settlement.  And the next reads:  Only 22 class members asked to be excluded from the settlement.

Should I change the numbers -- should I hold off on the order until I know the number of claim payments?

MR. SWARTZ:  Your Honor, respectfully I suggest that we -- if people do cure their claims or file claims that we simply let you know about it and your Honor can issue a separate short form order.

THE COURT:  That's fine.

Page 29, again just a syntax point -- sorry, page 13, paragraph 29, in this case the settlement was the result of -- I added in the word "vigorous," then "arm's length negotiation," striking "involving vigorous back and forth."

The last line I have changed October 17 to January 14, 2014.

Again, just syntax, page 17, paragraph 46, line 2, after the words "approximately 1.13 times," I added "their hourly rates."

And at the end -- page 21, at the end of the paragraph 57, I have indicated that the motions in docket numbers 139, 141 and 147 are granted.

1          This is for the purposes of the Court clerk who would
2  otherwise have trouble following this.  The clerk of court is
3  directed to close this case.  Any other pending motions are
4  moot.
5          And with those changes, assuming you have no problem
6  with them, I will sign the order.
7          Anything further?
8          MR. SWARTZ:  Not from the plaintiffs, your Honor.
9          MR. KIMMEL:  No, your Honor.
10         THE COURT:  OK.  Thank you very much for all your work
11 in the case.  I wish you good look in your other cases.
12         MR. SWARTZ:  Thank you, your Honor.
13         THE COURT:  This will get posted.
14                              o0o
15
16
17
18
19
20
21
22
23
24
25